IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CONAGRA FOODS FOOD INGREDIENTS COMPANY, INC.,** | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No.<br>: 5:09-CV-392 (CAR) |
| **BARRON PEEBLES,** | :<br>:<br>: |
| Defendant. | : |

## ORDER ON PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION

Currently before the Court is Plaintiff's Motion for Service by Publication [Doc. 5]. Through this motion, brought pursuant to Federal Rule of Civil Procedure 4(e)(1) and section 9-11-4(f)(1)(A) of the Official Code of Georgia ("O.C.G.A."), Plaintiff ConAgra Foods Food Ingredients Company, Inc., seeks an order that service on Defendant Barron Peebles be made by publication in a newspaper of general circulation in Wilcox County, Georgia. Plaintiff's Motion for Service by Publication is **GRANTED**. The Clerk is **DIRECTED** to effect service by publication in accordance with O.C.G.A. § 9-11-4(f)(1)(C) and mail a copy of the Complaint and this Order within fifteen days to Defendant's last known address, as provided by Plaintiff herein.

## Background

On November 10, 2009, Plaintiff filed suit [Doc. 1] against Defendant seeking damages for breach of a contract for the purchase of wheat. After 120 days, Plaintiff had not served Defendant as required by Federal Rule of Civil Procedure 4(m). The Court issued a Show Cause

1

Order [Doc. 4] demanding that Plaintiff explain why Plaintiff's failure to perfect service of the summons and complaint does not warrant dismissal of the case. Plaintiff timely responded by submitting the present Motion to Serve Defendant by Publication [Doc. 4] and supporting affidavits from the two process servers who had attempted to effect service on Defendant [Doc. 4, Ex. 1].

On November 19, 2009, a process server attempted to contact Defendant at his last known address. On a second attempt, two days later, the process server went to Defendant's mother's house after speaking with Defendant's neighbor. Defendant's mother informed the process server that Defendant was living with his girlfriend but that she did know the address. After calling Defendant, she informed the process server that Defendant was out of town for the day. The process server then called Defendant to arrange a meeting to serve the papers in this action, but Defendant never responded. The process server returned service to Plaintiff on December 6.

On December 17, 2009, a second process server attempted to serve Defendant at a different address, which Plaintiff had obtained through further background investigation. The process server was unable to make contact with Defendant but left a calling card. The next day, the process server received a call from Defendant and agreed to meet Defendant to serve the summons and complaint on the following day. However, Defendant failed to meet the process server as arranged. The process server again attempted to contact Defendant at his given address and left his card. Plaintiff asserts in this Response that the last information obtained by the process server was that Defendant had left Georgia to live in Alabama.

Defendant's last known address is **5868 Rebecca Waterloo Highway, Ashburn, Georgia  31714**.

2

**Discussion**

The Federal Rules of Civil Procedure state, in part, that, "[u]nless federal law provides otherwise, an individual . . . may be served . . . by . . . following state law for serving a summons . . . in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Thus, when a suit is filed in federal district court in the Middle District of Georgia, a plaintiff may serve a defendant a copy of the complaint and summons by any means authorized by Georgia law.

Georgia law allows service by publication when (1) the person on whom service is to be made is "a necessary or proper party to the action;" (2) a claim, verified by either affidavit or a filed complaint, "exists against the defendant in respect to whom the service is to be made;" (3) the defendant "resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself . . . to avoid the service of the summons," the fact of which "shall appear, by affidavit . . . ." O.C.G.A. § 9-11-4(f)(1)(A). The Georgia Court of Appeals has noted that the statute "does not [necessarily] require a showing that service has been attempted." Douglas v. Woon, 205 Ga. App. 355, 356, 422 S.E.2d 61 (1992). Further, due diligence "is a question of fact" left to the "discretion of the trial court." Bailey v. Lawrence, 235 Ga. App. 73, 77, 508 S.E.2d 450, 453 (1998) (quotation omitted).

The first two requirements for service by publication under the Georgia Code are easily met in this case as Defendant is a necessary party to an existing breach of contract claim. See O.C.G.A. § 9-11-4(f)(1)(A). Additionally, both process servers' affidavits provide a sufficient basis to conclude that Defendant cannot be located for personal service. Service of process was attempted five separate times over a period of one month at two different addresses. The second process server had immediate contact with Defendant and the first process server had immediate contact with Defendant's mother, so both Defendant and his mother are aware of Plaintiff's civil

3

action filed against Defendant. Plaintiff has exercised due diligence in attempting to find Defendant in Georgia, even though Plaintiff's most current information indicates that Defendant is currently living in Alabama. In addition, the affidavits strongly suggest that Defendant has actively concealed his whereabouts in order to avoid service. Plaintiff has thus demonstrated, by affidavit, at least two independent foundations for service by publication under Georgia law, even though only one basis is sufficient. As such, service by publication is appropriate in this case.

## Conclusion

The Court therefore finds that Plaintiff meets the requirements for service by publication. Accordingly, Plaintiff's Motion for Service by Publication is **GRANTED**. The Clerk is **DIRECTED** to effect service by publication in accordance with O.C.G.A. § 9-11-4(f)(1)(C) and mail a copy of the Complaint and this Order within fifteen days to Defendant's last known address, as provided by Plaintiff herein.

**SO ORDERED,** this 21st day of July, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


THC/LMH

4